IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Siera Lents, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   No.  1:20-cv-136 |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) |
|    Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Siera Lents, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Siera Lents, ("Lents"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services.

4. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Defendant Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Harris is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant Harris is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On March 4, 2019, Ms. Lents and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Lents, S.D. Ind. Bankr. No. 19-01219-RLM-13. Among the debts included in the bankruptcy was a debt she allegedly owed for medical services to IU Health, Defendant Harris was also listed in her bankruptcy, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on March 7, 2019, Defendant Harris was sent notice of the bankruptcy by the court via electronic transmission, while IU Health was sent notice of the bankruptcy via U.S. Mail on March 8, 2019, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is also a matter of public record, is on her credit reports, is in the files on the creditor and is readily discoverable by any competent debt

collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant Harris called Ms. Lents directly, including, but not limited to a telephone call on March 11, 2019, to demand payment of the IU Health debt.

11. Defendant's violations of the FDCPA were material because Defendant's continued collection communications, after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the FDCPA and the Bankruptcy Code, as well as her rights under the FDCPA. Moreover, Defendant's collection actions alarmed, confused and distressed Ms. Lents.

12. All of Defendant Harris' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed, due to a

bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant Harris' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibit D) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Harris' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(a)(2) Of The FDCPA –
## Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

4

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24. Defendant Harris was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt (Exhibit D). Accordingly, Defendant knew that Plaintiff was represented by an attorney in connection with the UI Health debt before it called Plaintiff on March 11, 2019.

25. By directly calling Ms. Lents, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

26. Defendant Harris' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Siera Lents, prays that this Court:

1. Find that Defendant Harris' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lents, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Siera Lents, demands trial by jury.

        Siera Lents,

        By:/s/ David J. Philipps\_\_\_
        One of Plaintiff's Attorneys

Dated: January 14, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com